[Crim. No. 515.   First Appellate District.—November 10, 1914.]

THE PEOPLE, Respondent, v. C. W. McALPINE, Appellant.

CRIMINAL LAW—INTERFERING WITH ELECTRICAL WIRES—ALLEGED MIS-
CONDUCT OF DISTRICT ATTORNEY.—In this prosecution for the crime
defined by section 593 of the Penal Code, it is held that there is no
merit in the claim that the district attorney was guilty of mis-
conduct on the trial, and that while perhaps he should not have
asked certain questions complained of, the record fairly shows that
the questions complained of were invited by the previous questions
of the counsel for defendant; and that whatever harm resulted from
asking those questions was cured and condoned by the subsequent
questions of defendant's counsel put to the defendant when a wit-
ness in his own behalf, which brought out very emphatically and
distinctly the identical matter embraced in the questions complained
of.

ID.—EVIDENCE—WHEN ERROR CURED.—It is the settled rule that error,
if any, of the kind complained of is cured by the bringing out of
the same subject matter by the defendant's counsel.

ID.—RIGHT OF CORPORATION TO DO BUSINESS—IDENTITY OF DEFENDANT—
SUFFICIENCY OF EVIDENCE.—It is further held that the proof abun-
dantly established the fact that the complaining corporation was
authorized to do business at its location at the time of the commis-
sion of the offense and that it was so doing business under proper
and legal authority; and that the evidence was sufficient to establish
the fact that defendant was the perpetrator of the offense and
amply supports the verdict and judgment.

APPEAL from a judgment of the Superior Court of
Alameda County and from an order refusing a new trial.   F.
B. Ogden, Judge.

The facts are stated in the opinion of the court.

George J. McDonough, and Henry B. Lister, for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy
Attorney-General, and John J. Barrett, for Respondent.

THE COURT.—The defendant in this case was charged
with the crime defined by section 593 of the Penal Code.   He
was convicted and has appealed from the judgment and order
denying his motion for a new trial.

The points made in support of the appeal are the misconduct of the district attorney in asking certain questions; and that the evidence is insufficient to support the verdict and judgment.

There is no merit in the claim that the district attorney was guilty of misconduct. Perhaps he should not have asked the questions complained of, but the record shows fairly enough that the questions complained of were invited by previous questions of counsel of the defendant. Moreover, whatever harm resulted from the asking of those questions was cured and condoned by the subsequent question of counsel for the defendant, put to the defendant when a witness in his own behalf, which brought out very emphatically and distinctly the identical matter embraced in the questions complained of. It is the settled rule that error, if any, of the kind complained of is cured by the bringing out of the same subject matter by defendant's counsel.

As to the next contention, the court entertains no doubt that the proof on the part of the prosecution in the trial court abundantly establishes the fact that the complaining corporation was authorized to do business at its location at the time of the commission of the offense, and that it was so doing business under proper legal authority. It is contended that the evidence is further insufficient to establish the fact that the defendant was the perpetrator of the offense; but we are satisfied that the evidence upon the whole case, direct and circumstantial, amply supports the verdict and judgment in this respect.

For the reasons stated, the judgment and order appealed from are affirmed.